FILED
February 09, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ZIYAN YAO and B.W., | § |
| Petitioners, | § |
| v. | § NO. SA-25-CV-1855-OLG |
| JOSE RODRIGUEZ, JR., title, *et al.*, | § |
| Respondents. | § |

# ORDER

Before the Court are Petitioners' Motion for Temporary Restraining Order (Dkt. No. 5) and Emergency Motion to Stay Removal or Relocation and for Expedited Ruling on Petition for Writ of Habeas Corpus (Dkt. No. 12). Additionally, the Court has considered the status of Petitioners' Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents have responded (Dkt. No. 9), and in support of which Petitioners have filed a reply (Dkt. No. 10). For the reasons below, the motions will be denied, and this habeas proceeding is moot.

Petitioners are citizens of China who entered the United States lawfully in 2013 on a B-2 visitor visa. (Dkt. No. 1 ¶¶ 20–22.) They filed an application for asylum, which an immigration judge denied on July 12, 2016, ordering Petitioners removed. (*Id.* ¶ 22.) Their appeal to the Board of Immigration Appeals was denied on April 17, 2017, and they were released under an Order of Supervision (OSUP) on May 18, 2017. (*Id.*) Petitioners were detained on December 3, 2025, after Ms. Yao reported to ICE for a routine check-in. (*Id.* ¶ 29.)

Petitioners initiated this proceeding on December 23, 2025, asserting statutory and constitutional claims. They bring (1) a claim based on Respondents' alleged violation of the INA— asserting that their continued detention is unlawful under the INA, *see* 8 U.S.C. § 1231(a), (*id.* ¶¶ 36–44); (2) a *Zadvydas* claim—asserting that their detention is unlawful because there is no

significant likelihood of removal in the reasonably foreseeable future, *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), (*id.* ¶¶ 53–60); and (3) an *Accardi* claim—asserting that their right to due process was violated by Respondents' failure to comply with their own regulations governing revocation of their OSUP, *see, e.g.*, *Francois v. Garland*, 120 F.4th 459, 465 (5th Cir. 2024), (*id.* ¶¶ 45–52).[1] They sought an ex parte order compelling their immediate release the following day (*see* Dkt. No. 5).

When a habeas petitioner seeks on an ex-parte and preliminary basis the same relief ultimately sought on the merits of their already-expedited habeas proceeding, this Court and others have denied such requests and, instead, proceeded directly to the merits of the habeas petition itself. *See Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG, Dkt. No. 20, (W.D. Tex. Oct. 30, 2025) (collecting cases); *Chambliss v. Ashcroft*, No. 3:04-CV-298-D, 2004 WL 718998, at *2 (N.D. Tex. Apr. 1, 2004) (recommending preliminary injunction be denied and habeas briefing be expedited because the preliminary relief was "the same as the relief sought through the habeas petition"), *report and recommendation adopted*, No. CIV.A. 3:04-CV-298D, 2005 WL 724206 (N.D. Tex. Mar. 30, 2005). Indeed, prompt resolution is already contemplated by the nature of the writ itself. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." (emphasis added)); *Harris v. Nelson*, 394 U.S. 286, 291 (1969) ("[T]he office of the writ is to provide a prompt and efficacious remedy, . . . . [and] must not be

---

[1] Petitioners also purport to assert a claim under the Administrative Procedure Act (*see id.* ¶¶ 61–68), but because they did not pay the filing fee for non-habeas claims, any claim under the APA is not properly before the Court. *See Ndudzi v. Castro*, No. SA-20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief.").

allowed to founder in procedural morass." (citation modified)). As such, the Court ordered service on Respondents and a response to the Petition within five days. (*See* Dkt. No. 6.)

On February 4, 2026, Petitioners filed an emergency motion for injunctive relief (Dkt. No. 12), asserting that ICE had been in the process of scheduling a flight to effectuate Petitioners' removal to China and, because they no longer appeared to be at the Dilley detention facility, seeking an order compelling their immediate return to Dilley (*id.* at 1–2). The Court ordered an expedited response from Respondents, which they submitted on February 6, 2026 (*see* Dkt. No. 14).

As Respondents point out, the impetus for this proceeding was Petitioners' continued detention pending execution of their *final order of removal*—which they do not dispute had been entered against them. (*See* Dkt. No. 14 at 1; *e.g.*, Dkt. No. 1 ¶¶ 2, 22, 30, 38.) Respondents therefore contend that 8 U.S.C. § 1252(g) divests the Court of jurisdiction to issue a stay of removal, as Petitioners are effectively challenging "the decision or action" to execute their removal order. (Dkt. No. 14 at 1.) Respondents are correct. "A request for stay of removal is a challenge to a removal order," and, therefore, the Court "lack[s] jurisdiction to grant such relief." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

Furthermore, the gravamen of Petitioners' request for release was that they could not lawfully continue to be detained because their removal from the United States—i.e., the execution of the final order for their removal—was unlikely in the foreseeable future. *See Zadvydas*, 533 U.S. at 701 ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). Petitioners' removal, however, has now occurred—and within two months of their detention. Therefore, the challenge to their continued detention has become moot.

Based on the foregoing, Petitioners' Motion for Temporary Restraining Order (Dkt. No. 5) and Emergency Motion to Stay Removal or Relocation (Dkt. No. 12) are **DENIED**.

The Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED AS MOOT**, and Petitioners' non-habeas claim is **DISMISSED WITHOUT PREJUDICE**. *See Ndudzi*, 2020 WL 3317107, at *2 .

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on February 9, 2026.

ORLANDO L. GARCIA
United States District Judge